**HATGES v. HAYS, Divisional Director of Immigration and Naturalization, et al.**

No. 628.

District Court, N. D. Iowa, Central Division.

Feb. 12, 1937.

L. R. Boomhower, of Mason City, Iowa, for petitioner.

E. G. Dunn, U. S. Atty., of Mason City, Iowa, for respondent Hays.

SCOTT, District Judge.

Ioannis Hatges, translated John Hatges, brings this action in habeas corpus against the above directors of immigration and his bail. The case is the usual one arising under deportation proceedings, and the fairness of the hearing by the immigration inspector is challenged. The warrant charges that petitioner "has been found connected with the management of a house of prostitution." The "house" was an ordinary second story hotel or rooming house in Mason City, Iowa. The petitioner some years before the circumstances charged had a lease to the premises, but assigned it to another in 1931. The assignee assigned to Margery Stewart, who was managing the house, and who thereafter continued to manage it on her own behalf. Petitioner, after assigning the lease, continued to occupy a room in the house but worked elsewhere. There is some direct circumstantial evidence from which a connection by petitioner with the house might be inferred.

The phase of the hearing challenged is, that a very substantial part of the evidence adduced was not taken at the hearing and was incompetent; that a considerable portion of the balance of the evidence was hearsay.

Substantially all evidence taken ex parte before the hearing bore upon the character of the place. The testimony so taken ex parte was that of two alleged prostitutes and covered about seven pages single spaced typewriting each. This testimony was taken by an immigration inspector in the absence of the alien, and who did not appear at the hearing which was conducted by another inspector.

At the hearing the two alleged prostitutes were produced, purported transcripts of their previous statements presented to them, and they were asked if their statements therein were true, to which they replied in the affirmative. The transcripts were then offered, to which the alien's counsel objected. Counsel then cross-examined the witnesses. Other witnesses were called and permitted to give

testimony, a considerable portion of which was hearsay. Alien's counsel was permitted to object but not to state the grounds of his objection. No objections were then or thereafter ever ruled upon, and the answers were taken as though no objections had been interposed. There is no conflict in the testimony.

The government's contention is that, eliminating all of the ex parte testimony, there is still enough evidence in the record to amount to "some substantial evidence," and that therefore, under the rule that the court will not re-examine a conflict of testimony, the writ should be discharged. On the other hand, the alien's counsel contends that under the decision in the case of Whitfield v. Hanges (C. C.A.) 222 F. 745, 749, where the rule is laid down "that the decision shall be governed by and based upon the evidence at the hearing, and that only," the writ should be sustained and the alien released. I think the case should be decided upon this issue. If the clear statement in the late Judge · Sanborn's opinion in Whitfield v. Hanges is to be modified, it must be so modified, of course, either by the Circuit Court of Appeals whose pronouncement it is, or the Supreme Court. The testimony of the two alleged prostitutes was taken as described, and a very substantial portion of other testimony was clearly hearsay. The right to object intelligently and to get a ruling upon objections to testimony was denied. The practice of taking a substantial portion of testimony in these cases in the manner stated is, I think, a pernicious one and should not be countenanced. I am of opinion that the writ should be sustained, and it will be so ordered, and the respondents except.